IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

GORDON-DARBY HOLDINGS, INC.

Plaintiff,

v.

ROBERT L. QUINN, COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF
SAFETY; AND
ROBERT R. SCOTT, COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF
ENVIRONMENTAL SERVICES

Defendants.

Civil No. 1:25-CV-00508-LM-AJ

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

NOW COME Commissioner Robert Quinn, Commissioner of the New Hampshire Department of Safety ("NHDOS"), in his official capacity, and Commissioner Robert Scott, Commissioner of the New Hampshire Department of Environmental Services ("NHDES"), in his official capacity, by and through their counsel, the Office of the Attorney General (collectively, the "State"), and hereby submits this memorandum of law in support of Defendants' Motion to Dismiss. In support thereof, Defendants aver as follows:

Plaintiff, Gordon-Darby Holdings, Inc. ("Plaintiff" or "Gordon-Darby") filed this action on December 8, 2025 pursuant to the citizen suit provisions of the Clean Air Act and the Federal Declaratory Judgment Act seeking declarations that Defendants are in violation of the New Hampshire State Implementation Plan ("SIP") and that provisions of New Hampshire HB2 (2025) are preempted under the Supremacy Clause, seeking an award of costs and attorneys' fees, and

seeking an injunction requiring Defendants to "fully and expeditiously implement, administer, maintain, and enforce" the passenger vehicle emissions equipment Inspection and Maintenance Program (the "I/M program") contained in the State's CAA State Implementation Plan (the "SIP"). ECF #1, ¶55 and Prayer for Relief. For the reasons discussed herein, Plaintiff's Complaint must be dismissed because Plaintiff has not alleged and does not possess the requisite Article III standing and because Plaintiff fails to state a claim upon which relief may be granted.

## BACKGROUND

On June 27, 2025, HB2 (2025) ("HB2") was passed into New Hampshire law. HB1 and HB2 are the State's two budget bills governing New Hampshire's state funding through June 30, 2027. Plaintiff alleges that certain provisions of HB2 repeal the statutory authority underlying the State's SIP I/M program. ECF #1, ¶42. Plaintiff alleges that the repeal takes effect on January 31, 2026.[1]

On September 16, 2025, NHDOS sent Plaintiff's subsidiary, Gordon-Darby NHOST Services, Inc., a notice of termination of the state's contract for services related to the I/M program. *Id*. at ¶47. The letter provides 30-days' notice of termination and explains that "the State is exercising Part 2, Section 13.2 of the Agreement to Terminate for Convenience, effective January 31, 2026." ECF #1, Ex. 3.

On October 7, 2025, Plaintiff sent NHDES Commissioner Scott and NHDOS Commissioner Quinn a citizen suit notice letter alleging violations of the State's SIP. ECF #1, ¶7 and Ex. 1. In addition to Commissioner Quinn and Commissioner Scott, the notice letter was sent

[1] HB2 also directed NHDES to submit SIP amendments by the end of December 2025 and repeals other provisions related to emissions testing with effective dates of September 30, 2026 or the date upon which EPA approves any SIP amendment, whichever is earlier. HB2, §141:244-256. The chaptered final version of HB2 may be found on the New Hampshire General Court's website at the following link: https://gc.nh.gov/bill_Status/billinfo.aspx?id=1188&inflect=2.

to Governor Ayotte, United States Environmental Protection Agency ("EPA") Administrator Zeldin, and EPA Region 1 Administrator Sanborn. ECF #1, ¶7 and Ex. 1. In the notice letter, similar to the Complaint, Plaintiff alleges only that HB2 "purport[s] to eliminate the state's federal approved I/M program" (citing HB2's above-mentioned effective date of January 31, 2026) and that "NHDOS and NHDES have taken steps to cease implementation of the I/M program *effective January 31*, *2026*." ECF #1, Ex. 1, pg. 7 (emphasis added).

On December 8, 2025, Plaintiff filed this action pursuant to the Clean Air Act ("Act" or "CAA"), 42 U.S.C. §7604, which provides a cause of action for persons alleging violations of an "emission standard or limitation." ECF #1; CAA 42 U.S.C. §7604(a)(1). Plaintiff's Complaint seeks (1) a determination that Defendants "have violated, and are in violation of, 'emissions standards or limitations within the meaning of 42 U.S.C. § 7604(a)(1) and (f);'" (2) injunctive relief; and (3) within its Prayer for Relief, a declaratory judgment that the Defendants have violated and are in violation as just described and that "HB2 is preempted under the Supremacy Clause of the United States Constitution to the extent that it conflicts with New Hampshire's federally approved SIP."

## STANDARD OF REVIEW

When deciding whether a complaint can survive a Rule 12(b)(6) motion, courts accept all well-pleaded facts as true and indulge all reasonable inferences in favor of the plaintiff. *Lavigne v. Great Salt Bay Cmty. Sch. Bd.*, 146 F.4th 115, 123 (1st Cir. 2025) (citations omitted). Courts must also identify and disregard allegations which are legal conclusions or mere recitals of the elements of a cause of action. *Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citations omitted). The question is whether the facts alleged "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). When evaluating a complaint under Rule 12(b)(1), courts "apply the same plausibility standard

used to evaluate a motion under Rule 12(b)(6) . . ." *Webb v. Injured Workers Pharm., LLC*, 72 F.4th 365, 371 (1st Cir., 2023) (citations omitted).

## ARGUMENT

I. The Complaint Should Be Dismissed as Failing to Allege Article III Standing Pursuant to Fed. R. Civ. Proc. 12(b)(1).

*A. Required Showing and Gordon-Darby's Allegations*

A plaintiff who seeks to bring a CAA citizen suit must "demonstrate constitutional [Article III] standing, including an injury in connection with the alleged CAA violation." *Conservation Law Found., Inc. v. Acad. Express, LLC*, 129 F.4th 78, 83 (1st Cir. 2025). Article III standing requires the plaintiff to demonstrate (1) a "concrete and particularized" injury that is (2) "fairly traceable" to the challenged action of the defendant and (3) "likely" to be "redressed by a favorable decision." *Lujan* v. *Defenders of Wildlife*, 504 U. S. 555, 560-561 (1992); *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) (noting that redress for the alleged injury by a favorable decision must be "likely" and not merely "speculative"). Plaintiff's complaint fails to demonstrate any of the required elements of standing.

As an initial matter, the Complaint, which is brought as a citizen suit under the CAA, 42 U.S.C. § 7604 (ECF-1, ¶¶ 5-8, 53-55), is devoid of any express and specific assertion of Plaintiff's standing. Indeed, no mention of standing or injury to Gordon-Darby is made in the Complaint at all. A complaint that lacks express and specific standing allegations is facially insufficient to demonstrate standing. *See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (citations omitted).

Even ignoring the absence of express and specific standing allegations, the facts alleged in the Complaint fail to demonstrate standing. Pertinent to the issue of standing, the Complaint alleges the following:

1) That the State "ha[s]" violated the CAA by announcing that the I/M program will be discontinued effective January 31, 2026. ECF #1, ¶¶ 2, 46, 55.

2) That Gordon-Darby is a Delaware corporation (¶ 10) and a "person" within the meaning of 42 U.S.C. § 7604(a) (¶ 53) whose subsidiary (Gordon-Darby NHOST) has a contract with NHDOS to perform services related to the I/M program (¶ 11) for which NHDOS issued a September 16, 2025 notice of termination for convenience. *Id.*, ¶ 47 and Ex. 1.

3) That Gordon-Darby NHOST's sole business purpose is to implement the State's I/M program, pursuant to its contracts with inspection stations and its contract with NHDOS. *Id.*, ¶ 12.

4) And, that the State is required by State statute and rules to maintain a "contracted vendor" for the I/M program. *Id.*, ¶ 49.

As set forth below, these allegations fall well short of Gordon-Darby's obligation to demonstrate the standing required for Gordon-Darby to avail itself of the jurisdiction of this Court.

*B. The Complaint is Barren of any Allegations of Injury to a Legally Protected Interest of Gordon-Darby*

The Complaint contains no allegation of an injury (either environmental or economic harm) to Gordon-Darby arising from the alleged violation of the CAA. Where a plaintiff's Complaint is devoid of any facts regarding injury to it, courts will not assume facts that have not been alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Indeed, with regard to environmental injury, the relevant showing for standing is not simply injury to the environment, but injury to the plaintiff's cognizable interests. *Friends of the Earth*, 528 U.S. at 181, *Sierra Club v. Morton*, 405 U.S. 727, 734-735 (1972). As a corporate entity, Gordon-Darby cannot allege any environmental injury to itself because the corporation is not a real person and cannot "breath[e] polluted air . . .". *See Conservation Law Found.*, 129 F.4th at 88. Nor does (or could) the Complaint assert organizational standing and a purpose to protect

the interests of its membership (who otherwise have standing in their own right), where Gordon-Darby is a for-profit corporate entity. *Id.* at 86-87, citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977); *see* ECF #1, ¶¶10-12.

While Gordon-Darby could theoretically assert economic harm, no express allegation of economic injury is made in the Complaint. The only inferable injury to Gordon-Darby which is implied by the Complaint is an economic injury from the NHDOS's notice of intent to terminate the I/M program contract with Gordon-Darby NHOST. ECF #1, ¶ 47.

While the invasion of contract rights can constitute sufficient injury to create Article III standing (*see Katz v. Pershing, LLC*, 672 F.3d 64, 72 (1st Cir., 2012)), the Complaint does not assert any such rights or allege injury thereto. The Complaint instead alleges that Gordon-Darby's contract was terminated effective January 31, 2026 (ECF #1, ¶ 47) and attaches a notice of termination, which states that NHDOS was exercising its contract rights to terminate the contract on thirty days' notice <u>for convenience</u>. ECF #1, Exhibit 3. The Complaint, however, does not (and based on Exhibit 3 thereto, cannot) allege that this termination violates any particular right of Gordon-Darby because the contract was terminable by the State for convenience. *Id.* The Complaint accordingly fails to allege any concrete injury to a cognizable contract (or other) right which "actually exist[s]." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

Nor does the Complaint anywhere allege that compliance with the CAA or the SIP requires NHDOS to retain Gordon-Darby NHOST as its vendor to implement the I/M program. Gordon-Darby only alleges that state laws and regulations which the SIP incorporates into the Code of Federal Regulations require the State to take specific actions, including the hiring of a "contracted vendor" for the I/M program. ECF #1, ¶ 49, quoting RSA § 266:1-a, II. Plaintiff consequently fails to allege any "invasion of a legally protected interest" as required for Article III standing. *See*

*Lujan*, 504 U.S. at 560. Absent such allegations, the complaint must be dismissed. *See Bingham v. Massachusetts*, 616 F.3d 1, 5 (1st Cir. 2018).

*C. The Complaint Fails to Allege Any Injury to Gordon-Darby Which is Fairly Traceable to the Alleged Violations of the Clean Air Act.*

Absent the ability to establish a cognizable injury that would warrant the relief requested, a plaintiff cannot demonstrate the requisite injury, the causal link between the injury and the defendants' conduct, or redressability for the injury. *Donahue v. City of Boston*, 304 F.3d 110, 118 (1st Cir. 2002). Even if Gordon-Darby had sufficiently alleged an economic injury related to the State's termination of its contract for convenience, which it has not, Gordon-Darby still fails to demonstrate its injury is fairly traceable to the alleged CAA violation.

The "traceability" component of Article III standing requires Gordon Darby "to show a sufficiently direct causal connection between the challenged action and the identified harm . . . [which]. . . 'cannot be overly attenuated.'" *Katz*, 672 F.3d at 71, *see also Donahue,* 304 F.3d at 117. Where the alleged injury is indirect, a plaintiff has a "much more difficult job" to prove a causal chain. *Dantzler, Inc. v. Empresas Berrios Inventory & Operations, Inc.*, 958 F.3d 38, 48 (1st Cir. 2020) (citations omitted).

Here, any contractual injury to Gordon-Darby which may be inferred from the Complaint is not fairly traceable to any allegedly unlawful conduct on the part of the State. *See California v. Texas*, 593 U.S. 659, 660 (2021), citing *Allen v. Wright*, 468 U. S. 737, 751 (1984). The Complaint alleges only that the State is required by its SIP to take specific actions to implement and enforce its I/M program, including maintaining "a contracted vendor", but does not allege that the CAA, the SIP, or any State statute or rule requires that Gordon-Darby be selected as such contracted

vendor. ECF #1, ¶ 49.[2] Where, as here, "the absence of causation and a relevant injury-in-fact are presented with such clarity, dismissal for lack of subject-matter is justified." *Donahue,* 304 F.3d at 119, citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

*D. The Inferred Economic Injury to Gordon-Darby Is Not Redressable by a Clean Air Act Citizen Suit.*

In the absence of allegations of injury which this Court can remedy, there is no case or controversy to resolve. *See W. Watersheds Project v. Interior Bd. of Land Appeals*, 62 F.4th 1293, 1297 (10th Cir. 2023) (citations omitted). The CAA vests district courts with jurisdiction to enforce emission standards or limitations, to order EPA to perform a nondiscretionary duty, and to apply any appropriate civil penalties to a person found to be in violation. 42 U.S.C. § 7604(a). The CAA permits persons to bring citizen suits alleging a state's violation of its own SIP against such state in its "regulatory capacity." *American Lung Ass'n v. Kean*, 871 F.2d 319, 324-325 (6th Cir. 1989). The injunctive relief available for enforcement of a CAA citizen suit is limited to the "relief expressly provided for" under the Act. *Sánchez ex rel. D.R.-S. v. United States*, 671 F.3d 86, 95 (1st Cir. 2012).

Here, the available relief under the CAA, and the relief requested by Plaintiff, is an order to enforce the State's federally approved SIP provisions regarding maintenance of an I/M program. ECF #1, p. 14. However, even if such an order issued, neither the SIP nor the CAA requires the State to retain Gordon-Darby as the vendor to implement the I/M program. Indeed, the State's right to contract with a particular vendor and any alleged inferred injury to Gordon-

[2] Citing RSA § 266:1-a(II); N.H. Admin. Code §§ Saf-C 3202.05-06, Saf-C 3205.03, Saf-C 3205.10, Saf-C 3209.02(a), Saf- C 3222.04(c), Saf-C 3222.08(g)-(h), Saf-C 3222.09(g)-(h), Saf-C 3209.01(d).

Darby based on the State's exercise of its sovereign contractual rights[3] are legally disconnected from the SIP and the CAA. Gordon-Darby's contract is not federally enforceable under the CAA and the Complaint, as noted, does not allege otherwise. Congress did not "authorize by implication private remedies . . . apart from the expressly authorized citizen suits." *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 16 17 (1981).

"Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co.*, 523 U.S. at 107. At the end of the day, even if the Court granted Gordon-Darby's requested relief by ordering the State "to fully and expeditiously implement, administer, maintain, and enforce the I/M program" (ECF #1, p. 14), such relief would not (and under the CAA and SIP, could not) require the State to maintain a contractual relationship with Gordon-Darby after January 31, 2026. Any redress for Gordon-Darby's inferred alleged economic injury is consequently speculative and cannot serve to demonstrate the required showing of redressability to support Gordon-Darby's standing herein. *See Friends of the Earth*, 528 U.S. at 181.

*E. No Case of Actual Controversy is Before This Court Which Warrants Declaratory Judgment Relief Under 28 U.S.C. § 2201.*

The Declaratory Judgment Act "alone does not provide a court with jurisdiction." *California v. Texas*, 593 U.S. at 672. A case or controversy is required for the Court to act. 28 U.S.C. § 2201. "The "actual controversy" required by 28 U.S.C. § 2201(a) "is identical to the meaning of 'case or controversy' for the purposes of Article III." *Bauer v. Texas*, 341 F.3d 352,

---

[3] In its September 16, 2025 letter (attached to the Complaint as Exhibit 3) the State provided notice to Gordon-Darby that the State was exercising its rights to terminate for convenience the subject contract which had been previously executed, approved and extended by the Governor and Executive Council (who are not before the Court). *See* RSA 4:15 (requiring such approvals for State contracts).

358 (5th Cir. 2003), citing *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). As this Court has elsewhere explained, to establish standing under 28 U.S.C. § 2201, the alleged dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and must be real and substantial and admit of specific relief through a decree of conclusive character . . ." *Flitch's Sandblasting & Painting, Inc. v. Colony Ins. Co.*, 2017 U.S. Dist. LEXIS 196027, *5 (D. N.H. 2017) (citations omitted). For the reasons set forth above, Gordon-Darby does not allege any requisite concrete and particularized injury in fact which is fairly traceable to the alleged unlawful acts of the State and redressable by this Court.

Based on the foregoing, Gordon-Darby's Complaint fails to allege standing under either the CAA or the Federal Declaratory Judgment Act.

## II. <u>The Complaint Should Be Dismissed as Failing to State a Claim Upon Which Relief May be Granted Pursuant to Fed. R. Civ. Proc. 12(b)(6).</u>

### *A. The Complaint Fails to State a Claim for Which the CAA or 28 U.S.C. § 2201 Provides Redress*

Relatedly to the State's standing arguments in Section I, the Complaint furthermore fails to allege a cause of action under the CAA or the Federal Declaratory Judgment Act for which relief can be granted. Fed. R. Civil Proc. 12(b)(6). As noted above, Gordon-Darby neither alleges environmental injury to itself or in any representational capacity, nor that the CAA (or the SIP) impose any duty on the State to retain Gordon-Darby as the State's I/M program vendor. No other relief would remedy Gordon-Darby's alleged inferred economic injury. As discussed, there is no private cause of action under a citizen suit. *Sea Clammers Ass'n*, 453 U.S. at 16-17. Dismissal of the Complaint under Rule 12(b)(6) is consequently (and in the alternative) appropriate.

//

//

//

*B. The Complaint Fails to Allege a Repeated or Ongoing Violation and Thus Fails to State a Claim under 42 U.S.C. § 7604*

Under 42 U.S.C. §7604(a)(1), citizen plaintiffs are only authorized to bring suit against a defendant "who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of" an emission standard or limitation under the Act. Such authority manifestly does not extend to claims of purely future violations. To state a claim for a CAA citizen suit, Gordon-Darby must "prove by a preponderance of the evidence that violations…were 'repeated' in the past or occurred at least once before…suit and at least once after." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 518-19 (5th Cir. 2016) (citing 42 U.S.C. § 7604(a)(1)), *see also Nucor Steel – Ark. v. Big River Steel, LLC*, 825 F.3d 444, 450 (8th Cir. 2016) (plain language of the statute requires a repeated or ongoing violation), *Conservation Law Found.*, 129 F.4th at 83 (CAA citizen-suit provision "enables citizen plaintiffs to seek penalties…for each day of an *ongoing or repeated SIP violation*") (emphasis added). Here, the Complaint alleges that HB2 repealed the I/M program effective January 31, 2026. ECF #1, ¶¶ 42, 46-47. The Complaint nowhere straightforwardly alleges that the State is not presently enforcing or implementing the I/M program.

Plaintiffs also may not commence a citizen suit pursuant to 42 U.S.C. §7604 unless "plaintiff has given [60 day] notice of the violation" to the EPA Administrator, to the State, and to the alleged violator. 42 U.S.C. § 7604(b)(1)(A). Such notice provides a window for EPA to diligently prosecute an enforcement action. 42 U.S.C. § 7604(b)(1)(B). Notice from potential private plaintiffs gives the EPA and the state an opportunity to investigate the alleged violation." *Garcia v. Cecos Int'l*, 761 F.2d 76, 81-82 (1st Cir. 1985). Accordingly, "citizen suits are proper only 'if the Federal, State, and local agencies fail to exercise their enforcement responsibility.'" *N & S. Rivers Watershed Ass'n v. Scituate*, 949 F.2d 552, 557 (1st Cir. 1991) (citing *Gwaltney of*

*Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49, 60 (1987)) (other internal citations omitted).[4]

Should EPA act within the 60-day notice period, the CAA citizen suit is barred. 42 U.S.C. § 7604(b)(1). Because the State is not in present violation, EPA is unable to take action. *See* 42 U.S.C. § 7413(a)(1) (authorizing EPA enforcement action if EPA "finds that any person has violated or is in violation" of the CAA). Accordingly, EPA has not been given an effective notice and 60-day period in which to exercise its right to prosecute. The citizen suit notice requirements and the "diligent prosecution" bar to commencement of a citizen suit effectuate this statutory scheme and act as a kind of statutory ripeness threshold inquiry.[5] No citizen suit may be brought prior to provision of 60 days' notice "of the violation" to the defendant and EPA. 42 U.S.C. § 7604(b)(1)(A). Plaintiff's citizen suit, and its October 7, 2025 Notice Letter, are thus entirely premature.

*C. Plaintiff's Complaint Cannot Be Salvaged by Contradictory Allegations as to When and Whether the State Is or Would Be in Violation its SIP.*

The Complaint alleges that HB2 repealed the I/M program effective January 31, 2026 (ECF #1, ¶¶ 42, 46-47) and that the Defendant Commissioners "have taken steps to cease implementation of the I/M program" by announcing that the program will not be enforced

[4] "Congress 'modeled' the CWA's citizen-suit provision on the CAA's provision and therefore courts often consult cases interpreting CWA provisions when analyzing issues arising under the CAA." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 123 F.4th 309, fn. 37 (2024) (internal citations omitted).

[5] While the First Circuit, as opposed to other circuits, rightly concludes that similar diligent prosecution bars to citizen suits constitute a mandatory claims processing rule subject to a Fed. R. Civ. P. 12(b)(6) motion and not a bar to the Court's exercise of jurisdiction and thus not subject to a Rule 12(b)(1) motion to dismiss, it is useful to consider the policy purposes behind the diligent prosecution bar as a kind of ripeness inquiry that prevents the Court from involving itself until all notice and delay provisions have been satisfied – and thus a cognizable claim made. *See Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 71-72 (1st Cir. 2021).

effective January 31, 2026 (*id.*, ¶ 46) and by terminating the Gordon-Darby NHOST contract as of that date. *Id.*, ¶ 47. Based upon such alleged actions, Gordon-Darby alleges that the Defendant Commissioners "have violated and are continuing to violate" the CAA by "failing to implement" the I/M program. ECF #1, ¶ 2. The Complaint's prayer for relief also includes legal conclusions that the State is in violation of its SIP. ECF #1, ¶¶ 51, 55.

Such contradictory conclusions cannot contort Gordon-Darby's complaint into an allegation of present violation sufficient to survive a motion to dismiss. First, "a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.NY 2016). Second, the Court need not accept allegations which are mere legal conclusions. *See Ocasio-Hernandez*, 640 F.3d at 12. Finally, allegations that the State is in present violation by taking present steps "to cease implementation of the I/M program" effective January 31, 2025, do not plausibly state a claim for a CAA violation. The Complaint consequently fails to allege that the State is in present violation of the CAA and should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).

*D. The Court's Consideration of Pre-Violation Claims Would Effectively Short-Circuit the Clean Air Act's Provisions for Both Citizen Suits and EPA Enforcement Against a State for Violating or Failing to Enforce Its Own SIP.*

In the case of a State's violation of or failure to enforce its own SIP, EPA is first required to provide the State with a 30-day opportunity to cure the failure to comply with or enforce the SIP before taking administrative or civil action 42 U.S.C. § 7413(a)(1) and (2). EPA cannot issue such notice until a State "has violated or is in violation" of its SIP (42 U.S.C. § 7413(a)(1) or until there are "widespread" violations which "result from a failure of the State" to enforce its SIP. 42 U.S.C. § 7413(a)(2). Widespread (statewide) failure to implement the I/M program is exactly what Plaintiff alleges. ECF #1, ¶¶40-42; 46; 48-55. This Court's assumption of pre-

violation jurisdiction would accordingly circumvent the purposes of both the citizen suit (42 U.S.C. § 7604) and federal enforcement (42 U.S.C. § 7413) provisions of the CAA.

*E. The Complaint Fails to State a Claim for Declaratory Relief*

As discussed in Section I, *E* above, the Complaint fails to allege injury to any legally protected right of Gordon-Darby and fails to seek any redress which would remedy Gordon-Darby's inferred economic injury. In addition, and as discussed in Section II, above, Plaintiff fails to allege a repeated or ongoing violation of the CAA to support its request for a declaratory judgment that the State is in violation of its SIP and the CAA. The facts alleged consequently fail to state a plausible claim for relief under 12(b)(6) with respect to Plaintiff's claims under the Declaratory Judgment Act.

As such, the Court should dismiss Plaintiff's complaint with prejudice. *See Rivera- Colón v. Torres-Díaz*, 252 F. Supp. 3d 68, 75 (D. Puerto Rico 2017).

**CONCLUSION**

In the light of all the foregoing, the Court should dismiss the Complaint with prejudice. The State respectfully requests that the Court decide this motion insofar as it addresses threshold jurisdictional requirements of standing prior to assuming jurisdiction to address the merits of Plaintiff's December 9, 2025 Motion for a Preliminary Injunction. *See Nat'l Educ. Ass'n-New Hampshire v. NH AG*, 2025 U.S. Dist. LEXIS 195238, *22 (D. N.H.).

//

//

//

//

//

//

Respectfully submitted,

ROBERT L. QUINN, COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF SAFETY
*in his official capacity*

ROBERT R. SCOTT,
COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF
ENVIRONMENTAL SERVICES
*in his official capacity*

By and through their counsel

JOHN M. FORMELLA
ATTORNEY GENERAL

December 23, 2025

/s/ Mark L. Lucas
Mark L. Lucas, Bar #274692
Joshua C. Harrison, Bar #269564
Assistant Attorneys General
Environmental Protection Bureau
Office of the Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, New Hampshire 03301
(603) 271-3679
Mark.L.Lucas@doj.nh.gov
Joshua.C.Harrison@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

/s/ Mark L. Lucas
Mark L. Lucas, Bar #274692