UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Gordon-Darby Holdings, Inc.</u>

    v.                                                          Civil No. 25-cv-508-LM-AJ

<u>NH Department of Safety,
Commissioner et al</u>

### **O R D E R**

The Commissioners' assented-to motion to expedite consideration of their motion to stay the preliminary injunction pending appeal (doc. no. 38) is granted. Gordon-Darby shall file its objection to the motion to stay no later than February 17, 2026. The Commissioners may file a reply on or before February 20. Gordon-Darby's surreply, if any, shall be filed by February 23.

The parties shall be prepared to address the question of standing (particularly with respect to redressability) in their briefing. The court's redressability analysis in its preliminary injunction order was premised on the assumption that New Hampshire would take all appropriate measures to comply with the requirements of this court's preliminary injunction, and that the most likely result of such measures was retention of Gordon-Darby NHOST as the vendor responsible for administering New Hampshire's I/M program. <u>See</u> doc. no. 35 at 17-20. Although NHDOS sought the Executive Council's approval of an extension of Gordon-Darby NHOST's contract, the Executive Council declined NHDOS's request. <u>See</u> doc. no. 38 at 7. Therefore, at this juncture, it does not appear that the court's

preliminary injunction is likely to redress the injuries to Gordon-Darby relied upon by the court to find a substantial likelihood of standing.[1]

However, the court is also concerned that New Hampshire officials—other than the named defendants in this case—may be failing to take appropriate steps to respect this court's preliminary injunction. It is true that the named defendants in this case are the Commissioners of the New Hampshire Departments of Safety and Environmental Safety—not any other New Hampshire agency heads, executive branch officials, or public bodies. The express terms of the preliminary injunction therefore only compel action on the parts of the named defendants. Nevertheless, this court has historically understood that, based on legal norms and respect for the rule of law, state officials who are not expressly compelled to take action by court order will nevertheless comport their conduct in accordance with this court's pronouncements. See, e.g., Loc. 8027 v. Edelblut, Civ. no. 21-cv-1077-PB, 2024 WL 2722254, at *18 (D.N.H. May 28, 2024).

Accordingly, the court would like the parties to address in their briefing the extent to which it is appropriate for a state defendant to secure favorable reconsideration of a redressability analysis on the ground that other state actors—while not bound by the terms of a preliminary injunction—have failed to act in

---

[1] Although the Commissioners could have sought to dissolve the preliminary injunction on this basis, see Concilio de Salud Integral de Loiza, Inc. v. Pérez-Perdomo, 551 F.3d 10, 16 (1st Cir. 2008), their appeal of the preliminary injunction likely deprives this court of jurisdiction to consider a motion to dissolve, see Contour Design, Inc. v. Chance Mold Steel Co., Ltd., 649 F.3d 31, 34 (1st Cir. 2011). The court retains jurisdiction to address the Commissioners' pending motion to dismiss despite the interlocutory appeal. Id.

accordance with the injunction. In other words, the court is concerned that reconsideration of the redressability question at this point would incentivize noncompliance with court orders.

In addition, the court is concerned about the equities and the effect that staying the preliminary injunction would have on the public. Prior to HB2's enactment, the EPA and NHDES informed the State of New Hampshire, in no uncertain terms, that repealing the I/M program without first obtaining the EPA's approval would violate the Clean Air Act. See doc. no. 1 at 26-31. The State repealed the I/M program anyway, and did not tie the effective date of the repeal to EPA approval. The State then proceeded to inform the people of New Hampshire that inspections would no longer be required as of February 1, despite knowing that the repeal violated the Clean Air Act, and despite knowing no later than October 2025 of Gordon-Darby's intent to sue to enjoin the illegal repeal. See id. at 17. The court anticipates that the parties' briefing will include evidence that the public experienced confusion regarding the I/M program following issuance of this court's preliminary injunction order. But that confusion is the result of New Hampshire's knowing decision to violate federal law, and its decision to publicize the I/M program's repeal despite the repeal's obvious noncompliance with the Clean Air Act. The court is concerned that staying the injunction at this point would simply lead to further public confusion, disrespect for the rule of law, and would reward inequitable behavior.

The court would like the parties' briefing to focus on these issues. The court does not need further briefing regarding the merits of Gordon-Darby's Clean Air Act claim — in light of defendants' concession that as of the effective date of the repeal (January 31, 2026) the State is in violation of the Clean Air Act.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 11, 2026

cc:   Counsel of Record