IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
                                                    )
GORDON-DARBY HOLDINGS, INC.                          )
                                                    )
    Plaintiff,                                       )
                                                    )
          v.                                    )        Civil No. 1:25-CV-00508-LM-AJ
                                                    )
ROBERT L. QUINN, COMMISSIONER                        )
NEW HAMPSHIRE DEPARTMENT OF                          )
SAFETY; AND                                          )
ROBERT R. SCOTT, COMMISSIONER                        )
NEW HAMPSHIRE DEPARTMENT OF                          )
ENVIRONMENTAL SERVICES                               )
                                                    )
    Defendants.                                      )
_____ )


### DEFENDANTS' SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT

Currently before the Court is Plaintiff's motion for an order to show cause why Defendants should not be held in contempt (the "Motion" (ECF-50)) of the Court's preliminary injunction order (the "Order").  ECF-35.  In support of its Motion, Plaintiff relies largely on speculation and doubts about future events, as well as findings made after, and that were not included in, the Order.  Plaintiff fails to demonstrate cause to find Commissioners in contempt.

*First,* the question before the Court is whether Plaintiff has shown "by clear and convincing evidence" that the Commissioners have "violated a clear and unambiguous order," *Rodriguez-Vazquez v. Solivan*, 844 F.3d 351, 355 (1st Cir. 2016) (emphasis supplied).  Plaintiff's contention that the Commissioners "will likely refuse to resume the program even after concluding their RFP" (ECF-53 at 4) is irrelevant; speculation as to what an alleged contemnor may do in the future does not demonstrate contempt.

Similarly, Plaintiff's doubts as to the sincerity of the Commissioner's efforts based on press statements of State legislators who are not before the Court (ECF-53 at 3-4) provide no evidence of contempt by the Commissioners.  Rather, the Commissioners' efforts,[1] even in the face of State legislators (not before the Court) who do not wish to restore NHDOS's vehicle inspection authority (*id.* citing ECF-52-1 and ECF-52-2), reflect that the Commissioners are in fact exercising all executive branch authority delegated to them to comply with the Order.

Plaintiff further argues that "the strongest evidence" the Commissioners "do not plan to follow through on their RFP" is that the Commissioners have raised the defense of their lack of State statutory authority to reinstate the Contract in defense to Plaintiff's contempt motion and sought to stay this matter on appeal. ECF-53 at 3-4.  A party does not, however, evince contempt

---

[1] Similarly, Plaintiff's "doubt[s]" that Commissioners would have issued the RFP had Gordon-Darby "not moved for contempt" (ECF 53 at 3) are belied by the evidence before the Court. NHDOS and NHDES management and staff met on February 12, 2026, to discuss available steps to comply with the Order and proceeded with preparation of an RFP, which was finalized on March 20, 2026. ECF-51-1, ¶¶10-12.

1

of court by appealing and seeking to stay an interlocutory order and defending against a contempt motion,[2] particularly while also taking all possible steps to comply with the Order.

*Second,* the Commissioners' arguments that the federal government cannot commandeer a sovereign State by federally authorizing the Commissioners to reinstate the Contract and I/M program are not "last ditch" arguments (ECF-53 at 5) but were preserved and developed before the Order issued. *See* ECF-20-1 at 6-7; ECF-22 at 4, 6-7. The Order, however, left these arguments unaddressed, which is why Plaintiff is constrained to cite to the Court's later order denying a stay for the proposition that the Court has ruled that "the Supremacy Clause preempts HB2's repeal provisions so long as the program remains in the State's SIP." ECF-53 at 4 (citing ECF-49 at 16-17). The Court's order denying the stay (ECF-49) is not contained within the four corners of the injunction order (ECF-35) and therefore cannot form the basis for contempt of the injunction Order. *See United States v. Saccoccia*, 433 F.3d 19, 28 (1st Cir. 2005).

*Third,* the cases cited by Plaintiff (ECF-53 at 5) are readily distinguishable from the present case, where underlying state law authority for the I/M program has been repealed. *Ky. Res. Council v. EPA*, 304 F. Supp. 2d 920 (W.D. Ky. 2004), did not involve the repeal of legislative authority to implement and enforce an I/M program, but rather legislation which directed the state agency to eliminate the program. *Id.* at 924. *Texas v. EPA*, 726 F.3d 180 (D.C. Cir. 2013), involved a set of challenges to rules promulgated by the EPA to regulate greenhouse gases. *Id.* at 182. In that context, the D.C. Circuit noted the Tenth Amendment could not prevent implementation of such air quality standards because "federal statutes that allow States to administer federal programs but provide for direct federal administration if a State chooses not to

---

[2] Plaintiff's reference to statements by the Office of the Attorney General are equally unpersuasive; it is the Attorney General's duty to counsel compliance with the Order while simultaneously seeking to stay and overturn the Order.

2

administer it" were constitutional.  *Id.*  In the instant case, EPA has not attempted "direct regulation" of vehicle emissions in New Hampshire.[3]  ECF-53 at 5.  *Friends of Earth v. Carey*, 552 F.2d 25 (2d Cir. 1977), addressed an appeal of EPA's approval of a transportation control plan for the New York City area contained in the state's SIP.  *Id.* at 28.  There, the Second Circuit pointed out that had EPA disapproved the plan (or if the Court reversed EPA's approval of the plan), EPA could take "appropriate action, including the promulgation of an EPA-formulated plan in lieu of the Plan here under consideration, which the EPA could then have enforced."  *Id.* at 35.  Neither of these cases address the repeal of State law authority to administer a portion of a SIP or the question of whether the federal government can commandeer State sovereignty to enforce federal law.  Finally, *New York v. United States*, 505 U.S. 144 (1992) also does not support, and in fact contradicts, Plaintiff's argument that the federal government can commandeer State police powers by expressing the Court's understanding that "even where Congress has the authority under the Constitution to pass laws requiring or prohibiting certain acts, it lacks the power directly to compel the States to require or prohibit those acts." *Id.* at 166.

Only one case cited by Plaintiff, *Sweat v. Hull*, 200 F. Supp. 2d 1162, 1179, 1172 (D. Az. 2001), addressed the repeal of state law authority to implement and enforce an I/M program. The District Court in *Sweat*, however, did not mandate immediate resumption of an I/M program as this Court has done.  The Court in *Sweat* simply ordered a status conference for implementation of the Court's summary judgment order (*Sweat*, 200 F. Supp. 2d at 1171, 1179-1181) and expressly declined to compel immediate compliance with Arizona's SIP.  *See* Arizona District Court (Silver, J) Order dated July 23, 2002, at 3 (attached hereto as **Exhibit A**).

---

[3] Indeed, while EPA could disapprove New Hampshire's SIP amendment and impose a federal implementation plan (42 U.S.C. §7410(c)), it has instead indicated it is expediting review of New Hampshire's SIP amendment. *See* https://www.epa.gov/newsreleases/epa-expedites-review-requests-new-hampshire-under-clean-air-act.

Ultimately, the Court dismissed the case before compelling state action following EPA's approval

of the SIP amendment.  *See* Docket entries 40-41, attached hereto as **Exhibit B**.

*Fourth,* Plaintiff's passing attempt to refute the central holding of *Delaware Valley*

*Citizens' Council for Clean Air v. Pennsylvania,* 533 F. Supp. 869 (E.D. Pa. 1982) (hereinafter

"*DVCC*"), that a state law which prohibited the state's operation of an I/M program could not be

declared unconstitutional because the Tenth Amendment and principles of federalism limit

federal authority to require states "to establish and fund I/M programs . . ." (*id.* at 879),[4] is

unpersuasive.  ECF-53 at 6.  There, as here, the state had an approved SIP with an I/M program,

and the *DVCC* Court specifically addressed preemption of a state law that removed executive

branch officials' authority to implement the I/M program.  *DVCC*, 533 F. Supp. at 874-75, 879.

Nor does *DVCC* "support[] holding Defendants in contempt" herein.  ECF-53 at 6.  As

Plaintiff acknowledges, that case involved the enforcement of a consent decree wherein the

Commonwealth of Pennsylvania (a named defendant) had agreed to implement an I/M program

as required in its SIP for ten counties by a date certain.  *DVCC*, 533 F. Supp. at 874.  The state

General Assembly responded by passing legislation "which prohibited the expenditure of state

funds by the executive branch for the implementation of the I/M program."  *Id.* at 785.  The

*DVCC* Court first addressed the constitutionality of the disabling legislation both under the CAA,

and as interference with a consent decree.  *Id.* at 878-79.  On both theories the Court concluded

the state law "cannot be declared unconstitutional" due to the "serious limits … on the power of

the federal government to require action on the part of state government."  *Id.* at 878.

The *DVCC* Court then separately addressed contempt, but on a very different fact pattern

---

[4] Plaintiff's argument that *DVCC* "may no longer be good law" because the same Court later decided *Clean Air Council v. Mallory*, 226 F. Supp. 2d 705, 725 (E.D. Pa. 2002), is unpersuasive because *Clean Air Council* did not involve the repeal of legislation authorizing an I/M program but the enforcement of a duly-authorized I/M program contained in the state's SIP. *Id.* at 709.

than the instant case. *Id.* at 880-81. In *DVCC*, contempt was sought for violation of a consent decree—a final judgment of the District Court—entered into voluntarily by duly authorized executive branch officials, where the state legislature subsequently took action specifically aimed at preventing compliance with the Court's order. *Id.* Moreover, the Commonwealth itself, not just the executive branch officials, was a party to the consent decree and a defendant in the citizen suit. *Id.* at 873-74, 881. Here, by contrast, the legislative action was an independent sovereign act unrelated to the Court's Order (indeed HB2 was enacted months before this action was even commenced), and the State neither subjected itself to the jurisdiction of the federal courts nor is a separate party to this action. As such, *DVCC*'s contempt analysis is inapposite.

Similarly, Plaintiff's suggestion that this Court could impose the same contempt sanctions imposed in *DVCC* by blocking New Hampshire's receipt of federal highway funding is misleading. ECF-53 at 5. First, in *DVCC*, the EPA was a party to the consent decree having brought its own 42 U.S.C. §7413(b) action against the Commonwealth, which was consolidated with the Delaware Valley Citizens' Council for Clean Air citizen suit. *DVCC* at 872-73. Second, the *DVCC* Court relied upon 42 U.S.C. § 7506(a) (since repealed), which mandated the EPA Administrator and Secretary of Transportation refuse to approve highway funding projects under select situations. *Id. at* 882 (quoting the repealed 42 U.S.C. §7506(a); *see also* P.L. 101-549, Sec. 110(4)). Today, highway funding sanctions exist under 42 U.S.C. §7509(b), but only after EPA provides the state a mandatory 18-month cure period. 42 U.S.C. §7509(a). *DVCC*, therefore, does not support immediate imposition of highway funding sanctions here for alleged violations of a preliminary injunction.

For the foregoing reasons, and those set out in the Defendants' objection, the Court should deny the Motion.

Respectfully submitted,

ROBERT L. QUINN, COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF SAFETY
*in his official capacity*

ROBERT R. SCOTT,
COMMISSIONER
NEW HAMPSHIRE DEPARTMENT OF
ENVIRONMENTAL SERVICES
*in his official capacity*

By and through their counsel

JOHN M. FORMELLA
ATTORNEY GENERAL

April 8, 2026                      /s/ Mark L. Lucas
                                   Mark L. Lucas, Bar #274692
                                   Joshua C. Harrison, Bar #269564
                                   Assistant Attorneys General
                                   Environmental Protection Bureau
                                   Office of the Attorney General
                                   New Hampshire Department of Justice
                                   1 Granite Place South
                                   Concord, New Hampshire 03301
                                   (603) 271-3679
                                   Mark.L.Lucas@doj.nh.gov
                                   Joshua.C.Harrison@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

                                   /s/ Joshua Harrison
                                   Joshua C. Harrison, Bar #269564